UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFELIA EGUIA, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>ARC IMPERIAL VALLEY, *et al.*,<br><br>                    Defendants. | Case No. 12-cv-1132-L(PCL)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [doc. # 8] and DENYING WITHOUT PREJUDICE MOTION TO DISMISS [doc. #4]** |

Defendants ARC Imperial Valley and Arturo Santos ("Defendants") removed this action from the Imperial County Superior Court. The notice of removal was based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a). (Notice of Removal ["NOR"] ¶ 8.) Defendants move to dismiss the first amended complaint; Plaintiffs Ofelia Eguia and Rosalinda Magallanes ("Plaintiffs") move to remand. Both motions have been fully briefed and are decided on the papers submitted.

**1.     Procedural History**

The FAC, filed on January 31, 2012 AC") in the Imperial County Superior Court, asserts state law causes of action only including wrongful termination, harassment, discrimination, and

infliction of emotional distress. (NOR ¶ 2.) Plaintiffs based these causes of action on public policy grounds, California Government Code §§ 12940(h) and 12653, and California Labor Code § 1102(f). (NOR, Ex. 1, pp. 37-65.) On March 1, 2012, Defendants filed an answer to the FAC, and on March 9, 2012, filed an amended answer asserting the affirmative defense of the federal enclave doctrine. (NOR, Ex. 1, pp. 88, ¶ 15.)

The notice of removal, filed on May 9, 2012, was premised on the applicability of the federal enclave doctrine. [Doc. # 1.] Defendants base their removal on their recent receipt of a quitclaim deed from the City of Calexico granting land to the United States government, which encompasses the West Port of Entry in Calexico. (NOR ¶ 11.) Defendants' counsel attests that he received this document on May 5, 2012, from the Chicago Title Company. (Post Decl. ¶ 2.) Further, Defendants cite the Declaration of Defendant Arturo Santos, which states that Plaintiffs worked at the West Port of Entry, as further evidence of federal enclave jurisdiction. (NOR, Ex. 2, pp. 102-03.) Defendants claim that this evidence – the declaration of Arturo Santos and the deed for the West Port of Entry – establishes the basis for removal and the exclusively federal nature of the claims arising on the West Port of Entry. (Defs' Opp'n 2:15-18.) Defendants allege that these documents constitute "a copy of an amended pleading, motion, order or other paper" from which it can be first determined that the case is removable. (NOR ¶ 11.)

On May 10, 2012, Defendants moved to dismiss the case. [Doc. # 4.] On June 8, 2012, Plaintiffs filed a motion to remand the FAC to the Imperial County Superior Court. [Doc. # 8.] Plaintiffs also requested attorney's fees and costs.

**2.      Legal Standard for Removal**

The Court addresses the issue of subject matter jurisdiction first as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-94 (1998) (quoting *Mansfield, C & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or

statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.

"The propriety of removal . . . depends on whether the case originally could have been filed in federal court." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. The Court's removal jurisdiction must be analyzed on the basis of the pleadings at the time of removal. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). Generally speaking, a party may bring a case within the jurisdiction of the federal courts by demonstrating the existence of either: (1) diversity of citizenship, under 28 U.S.C. § 1332; or (2) a federal question, under 28 U.S.C. § 1331. Defendants removed this action based on federal question jurisdiction under 28 U.S.C. § 1331. (NOR ¶ 3.) Pursuant to the statute, federal courts have subject matter jurisdiction of "all civil actions arising under the Constitution, laws, or treatises of the Untied States." 28 U.S.C. § 1331.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or (2) "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through the subjective knowledge or a duty to make further inquiry. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Section 1446(b)'s first thirty-day requirement, thus, is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. *Id*. If no ground for removal is evident in the initial pleadings, the case is "not removable" at that stage. *Id*. In this circumstance, the notice of removal may be filed within thirty days after defendant receives "an amended pleading, motion, order or other paper from which it can be ascertained from the face of the document that removal is proper." *Id*.

In cases where the action may be removable despite defendant never having "received" any pleading or "other paper" demonstrating removability, § 1446(b)'s "other paper" language is read so as to not include a defendant's own records. *B.C. v. Blue Cross of California*, 2012 WL 12782, at *5 (C.D. Cal. Jan. 3, 2012)(We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.). The rationale behind this reading is that when the evidence suggests that a defendant is or should be on notice of an action's removability despite it not being "plain" on the face of the complaint, defendants are effectively granted permanent removal power. *Kohan Prod's Ltd. v. Comerica Bank*, 2010 WL 956402, at *4 (C.D. Cal. Mar. 11, 2010). As such, a removal filed before a plaintiff has served a paper on the defendant demonstrating removability is premature. *B.C.*, at *7.

**3.    Discussion**

In their motion to remand, Plaintiffs argue that under the recognized meaning of "other papers," the documents offered by Defendants in support of removal do not satisfy 28 U.S.C. § 1446(b). (Mot. to Remand at 9.) Specifically, Plaintiffs contend that the quitclaim deed and the Santos Declaration are not the types of "other papers" that courts have found to satisfy § 1444(b)

and therefore, Defendants' removal was improper. (Mot. to Remand at 9.)[1]

Because the parties agree that the FAC does not disclose the grounds for removal (Opp'n at 4; Reply at 2.), the Court must analyze the language any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" to determine whether removal is proper. 28 U.S.C. § 1446(b). Here, the docket does not indicate, nor do the parties contend, that any amended pleading, motion, or order supports removal on the basis of federal question jurisdiction. Further, Defendants concede that "Plaintiffs . . . did not serve Defendants with any 'other paper' disclosing a basis for removal[.]" (Opp'n at 2.) The only purported "other papers" that Defendants offer to demonstrate the existence of federal question jurisdiction under § 1446(b) are the quitclaim deed and a Declaration from Plaintiffs' former employer and co-Defendant, Mr. Santos. (*See* NOR.) Both are proffered documents that were created or obtained by the Defendants in support of their removal. (NOR ¶ 22.) Plaintiffs did not provide these documents, whether in the course of litigation or otherwise. (NOR, Ex. 3, ¶ 2.) As discussed above, courts in the Ninth Circuit have interpreted § 1446(b)'s "other paper" language so as not to include a defendant's own records. *B.C.*, at *7. Therefore, the Santos Declaration and quitclaim deed are not allowable "other papers" as contemplated by § 1446(b) and cannot form the basis for removal. *Id.*

Although Defendants contend that Plaintiffs' argument regarding the Santos Declaration and quitclaim deed is improper, their exact argument in favor of examining these documents is unclear. (*See* Opp'n at 7-10.) Defendants cite a number of cases in support of the proposition that the Court "may examine [Defendants'] removal notice and supporting affidavits . . . to clarify whether the action [Plaintiffs' present] in fact arises under federal law." (Opp'n at 9-10.) These cases are not applicable here, as the issue in those actions was whether the plaintiff's complaint properly asserted federal jurisdiction. Most notably, the *Schroeder* court found that "[i]t is proper to use the petition for removal to clarify the action plaintiff presents and to

---

[1] While the Court recognizes that Plaintiffs' motion to remand focuses primarily on the timeliness of Defendants' removal based upon an assertion of a federal cause of action, the motion also addresses the appropriateness of the removal itself.


determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).

Defendants also cite *Fung v. Abex Corp.*, 816 F. Supp. 569, 571 (N.D. Cal. 1992) where the court noted that "failure to indicate the federal enclave status and location of the exposure will not shield plaintiffs from the consequences of this federal enclave status." But in *Fung*, plaintiff's action arose from asbestos exposure that occurred during his employment by the United States Navy at a Navy facility on federal procured submarines which were docked at Naval facility. The court therefore could conclude that a plaintiff cannot "avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Id*. The federal enclave status was apparent from the face of the complaint even though not explicitly stated by plaintiff.

Unlike *Fung*, the allegations in the FAC in the present case do not suggest federal enclave status.  And the parties agree that Plaintiffs' FAC, on its face, does not disclose a federal question. (Opp'n 4; Reply at  2.) Specifically, Defendants assert that "Plaintiffs' complaint did not disclose grounds for removal at all[.]" (Opp'n at 4.) Instead, Defendants argue that the basis for federal question jurisdiction is the Santos Declaration and the quitclaim deed that Defendants contend establishes federal enclave status. (Opp'n at 4.) Defendants concede that "[they] did not have grounds to remove the action until [they] obtained the deed for the West Port of Entry that proves enclave status." (Defs' Opp'n 4:4-5.) As discussed above, this document, as well as the Santos Declaration, are not suitable "other papers" under § 1446(b). *B.C.*, at *7.

Thus, because Defendants base their removal solely on documents from their own record – the quitclaim deed and Santos Declaration – and not any "amended pleading, motion, order or other paper" received from Plaintiffs, their notice of removal is premature. The Court, therefore, will grant Plaintiffs' motion to remand and deny without prejudice Defendants' motion to dismiss.

/ / /

/ / /

**4. Conclusion**

In light of the foregoing, Defendants have not met the burden of establishing removal jurisdiction. Because subject matter has not been established at this time, the Court must remand the case to the state court: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiffs also seek attorney's fees and costs from Defendants under 28 U.S.C. § 1447(c). (Mot. to Remand at 10.) Courts may require costs and actual expenses, including attorneys' fees, incurred as a result of removal when removal is objectively unreasonable. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). Here, Defendants' arguments, although unpersuasive, do not rise to the level of objectively unreasonable.

Based on the foregoing, **IT IS ORDERED:**

1. Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE**;
1. Plaintiffs' motion to remand is **GRANTED**;
2. Plaintiffs' request for attorneys' fees and cost under 28 U.S.C. § 1447(c) is **DENIED**;
3. The Clerk of the Court is directed to return this action to the Superior Court of the State of California for Imperial County, Case No. ECU06685.

**IT IS SO ORDERED**.

DATED: December 6, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL